UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:22-CV-00366-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE O'CONNELL, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

**\*\*\* \*\*\* \*\*\* \*\*\***

This matter is before the Court on initial review of Plaintiff Anthony L. Smith's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**I.**

Smith filed his Complaint on a Court-approved form. [R. 1]. He names as Defendant Mike O'Connell, Jefferson County Attorney, in his individual and official capacity. *Id.* at 2, 7. Smith alleges a First Amendment Retaliation Claim against O'Connell for a contempt order filed against him in state court by the Jefferson County Attorney's Office. *Id.*

Smith asserts that he allegedly owes over $65,000 in past-due child support payments. Smith represents that when his first Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") Economic Impact Payment ("EIP") of $1,200 was offset for past-due child support, he sued O'Connell in federal court alleging due process violations. *Id.* at 6. While the federal action was pending, Smith represents that he received the second and third stimulus payments. Additionally, Smith claims that "his name vanished from the delinquent child support list, and all wage garnishments ceased." *Id.* Public court records reflect that the Court dismissed

Smith's first case against O'Connell finding in relevant part that the "offset of Plaintiff's EIP, including the notice provided to Plaintiff, did not violate the Fourteenth Amendment Due Process Clause." *Smith v. Cameron*, No. 3:20-CV-P748-CHB, 2022 WL 109217, at \*3 (W.D. Ky. Jan. 11, 2022).

Smith asserts that on April 19, 2022, Assistant County Attorney Karen Collins filed a Motion for Contempt in the Jefferson Circuit Court Family Division requesting the court hold Smith in contempt for failure to comply with a 2016 child support order. [R. 1, p. 9]. Collins attached an affidavit from an employee of the Jefferson County Attorney Child Support Division, dated March 8, 2022, indicating that Smith failed to pay child support arrears of $100 per week since November 13, 2021. *Id.* at 6, 10. On May 9, 2022, the Family Court Judge ordered Smith to appear in court on August 31, 2022. As a result, a Show Cause Order was entered by the clerk dated May 12, 2022. *Id.* at 8.

Based on this conduct, Smith now claims that O'Connell violated his First Amendment rights when he retaliated against Smith by "crafting a frivolous 'contempt order'" following the January 2022 dismissal of the initial federal lawsuit. *Id.* at 7. Smith contends that at the time the motion and affidavit were filed, he was not six months behind on his child support as required under current state law. *Id.* Smith states that he was only three months behind since his "alleged last payment" occurred "on 11/13/2022,[1] as stated in the affidavit." *Id.* Smith alleges that at the time the affidavit was signed on March 8, 2022, "he was gainfully employed but O'Connell neglected to garnish his wages, making it appear overall as if [he] willfully failed to pay his support as ordered." *Id.*

As relief, Smith seeks compensatory damages in the amount of $88,888, punitive damages in the amount of $3.7 million, and any other relief which the Court deems proper.

---

[1] Contrary to his statement, the affidavit tendered by Smith reflects a date of November 13, 2021. [R. 1, p. 10].

**II.**

Because Smith is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official Capacity

The claim against O'Connell in his official capacity is deemed a claim against the Commonwealth of Kentucky itself because O'Connell is a state employee. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pusey v. City of Youngstown*, 11 F.3d 652, 657–58 (6th Cir. 1993) (holding that a municipal prosecutor acts as an arm of the state in prosecuting or declining to prosecute state criminal offenses); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the [county] prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Alexander v. Ky. Cabinet for Health & Fam. Servs.*, No. 3:17-CV-101-DJH-DW, 2017 WL 4570309, at *2–3 (W.D. Ky. July 28, 2017) ("Alexander's § 1983 claims against O'Connell, Taylor, Hardesty, and Anton in their official capacities are considered claims against the

Jefferson County Attorney's Office Child Support Division. . . . This division is 'an agent of the Kentucky Cabinet for Health and Family Services.'").

"States, state agencies, and state officials sued in their official capacities for money damages are not 'persons' subject to suit under § 1983." *Stephens v. Shearer*, No. 1:17-CV-P64-GNS, 2017 WL 2989182, at *1 (W.D. Ky. July 13, 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Thus, in seeking money damages from O'Connell in his official capacity, Smith fails to allege a cognizable claim under § 1983. Moreover, the Commonwealth of Kentucky and the Kentucky Cabinet for Health and Family Services (as an agency of the Commonwealth) are immune from damages under the Eleventh Amendment. *See id.*; *see also Fleet v. Commonwealth of Ky. Cabinet for Health & Family Servs.*, No. 3:15–CV–00476–JHM, 2016 WL 1241540, at *3 (W.D. Ky. Mar. 28, 2016). For these reasons, the official-capacity claim against O'Connell must be dismissed.

## B. Individual Capacity

"The United States Supreme Court has extended absolute immunity to shield prosecuting attorneys who are sued under § 1983 for alleged deprivations of constitutional rights committed in performing their prosecutorial functions." *Stephens*, 2017 WL 2989182, at *2 (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976)). The Supreme Court "noted that those activities 'intimately associated with the judicial phase of the criminal process' are functions to which the 'reasons for absolute immunity apply with full force.'" *Id.* (quoting *Imbler*, 424 U.S. at 430). "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal quotation marks and citation omitted) (holding that the prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to the grand jury).

Here, O'Connell was acting in his role as an advocate in suing or prosecuting Smith for failure to pay child support. *See Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011) (finding social worker was entitled to absolute prosecutorial immunity for involvement in judicial child support proceedings); *Streater v. Cox*, 336 F. App'x 470, 475 (6th Cir. 2009) (holding that an assistant attorney general was absolutely immune from suit based on his decision to file a criminal complaint for failure to pay child support); *Burnes v. Smith*, No. 3:18-CV-00608, 2018 WL 3472821, at *3 (M.D. Tenn. July 17, 2018) (noting government attorneys are "absolutely immune from suit for damages for actions taken in the course of suing or prosecuting Plaintiff for failure to pay child support"); *Washington v. Montgomery Cnty. Common Pleas Ct.*, No. 3:17-CV-341, 2017 WL 5632881, at *2 (S.D. Ohio Oct. 30, 2017) (child support enforcement attorneys are entitled to prosecutorial immunity) (collecting cases); *Benton v. Houchens*, No. 3:14CV-469-H, 2014 WL 6611361, at *2 (W.D. Ky. Nov. 20, 2014) (Jefferson County Attorney's Office Child Support Division Prosecutor entitled to absolute prosecutorial immunity).

Therefore, the claim asserted by Smith against O'Connell in his individual capacity is barred by prosecutorial immunity, and the action will be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

A separate Order of dismissal will be entered consistent with this Memorandum Opinion.

This the 9th day of May, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        Defendant
        Jefferson County Attorney
A958.014